**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ISIS C. ADAMS,       ) <br>       ) <br>         Plaintiff,       ) <br>       ) <br>       v.       ) <br>       ) <br> MASSACHUSETTS DEPARTMENT OF       ) <br> CHILDREN AND FAMILIES,       ) <br>       ) <br>         Defendant.       ) | Civil Action No. <br> 26-11331-FDS |

## MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus submitted by petitioner Isis Chantelle Adams

challenging the removal of her three children by defendant Massachusetts Department of

Children and Families.  Because the Court lacks subject-matter jurisdiction, the petition will be

denied.

**I.      Background**

Isis Chantelle Adams has filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.  She seeks the return of her three minor daughters, who are presently in the

custody of the Massachusetts Department of Children and Families ("DCF").  She has previously

challenged the removal of her children on six occasions between 2023 and 2025 in state court,

including the Massachusetts Superior Court and the Massachusetts Supreme Judicial Court.  She

alleges wrongful removal, unlawful retaliation, and violation of her due process rights.

The petition for a writ of habeas corpus was filed in this Court on March 18, 2026.

II.    **Legal Standard**

In federal habeas cases, relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "In order for the exhaustion requirement to be met, the petitioner must have fairly presented the substance of [her] federal habeas claim to the state court before seeking federal review." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) (quoting *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987)).

In addition, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts generally do not adjudicate cases involving domestic relations, such as child-custody issues. *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees"). "The whole subject of the domestic relations of husband and wife, parent and child, belong the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890).

III.    **Analysis**

This Court lacks subject-matter jurisdiction over the habeas corpus petition. As an initial matter, it appears from the record that petitioner has exhausted her state-court remedies. However, it is well-settled that individuals may not use the federal habeas corpus process to challenge state child-custody determinations. *See Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 511 (1982) ("[F]ederal habeas has never been available to challenge parental rights or child custody"); *see also Hemon v. Office of Public Guardian*, 878 F.2d 13, 14 (1st Cir. 1989) ("It is settled law that federal habeas corpus jurisdiction does not

extend to state court disputes over child custody.").  "[G]iven the 'long history of state predominance and federal deferral in family law matters,' the federal government lack[s] a substantive interest in child custody matters sufficient to justify an assertion of federal supremacy in that area."  *Hemon*, 878 F.2d at 15 (quoting *Sylvander v. New Eng. Home for Little Wanderers*, 584 F.2d 1103, 1112 (1st Cir. 1978)).  Because this case concerns child custody, there is no basis for the assertion of federal habeas corpus jurisdiction.

## IV.   Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED for lack of subject-matter jurisdiction.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  April 24, 2026